IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERIKA ORELLANA                                                                                    PLAINTIFF

V.                                      CASE NO. 5:16-CV-05007

CONNECTICUT GENERAL LIFE INSURANCE COMPANY
and SUPERIOR INDUSTRIES, INC.                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are three ripe motions. First is a Motion for Summary Judgment (Doc. 19), which is accompanied by a Brief in Support (Doc. 20) and was filed by Defendant Connecticut General Life Insurance Company ("CIGNA"). CIGNA also filed a Supplementary Brief in Support (Doc. 28) and the Administrative Record (Doc. 27) relied upon by CIGNA in evaluating Plaintiff Erika Orellana's claim for health care benefits. Ms. Orellana filed two Briefs in Opposition to the Motion, along with supporting exhibits (Docs. 21, 34), and CIGNA filed a Reply (Doc. 36). The Motion for Summary Judgment had previously been filed as a motion to dismiss; however, the parties had submitted a number of documents in support of their briefing on the motion that were not part of the public record, not part of the pleadings, and not embraced by the pleadings. Federal Rule of Civil Procedure 12(d) provides that if matters outside the pleadings are presented to the Court in conjunction with a motion brought under Rule 12(b), the motion must be treated as one for summary judgment under Rule 56. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150-51 (8th Cir. 2012). Accordingly the Court converted the motion into one for summary judgment by Order entered on February 24, 2016. *See* Doc. 26. The Court then

1

invited the parties to supplement the summary judgment record with further briefing and documents, and they did so.

The second ripe motion is a Motion to Dismiss (Doc. 30) filed by Defendant Superior Industries, Inc. ("Superior"). Superior's Motion and Brief in Support (Doc. 31) argue that since the case concerns only claims made pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and since Superior granted discretionary authority to CIGNA to administer the entire claims process, Superior is not a proper party to be sued. *Id.* at p. 4. Ms. Orellana responds that it is far from clear that Superior is not the *de facto* administrator of the Plan because "the two entities [CIGNA and Superior] certainly seem to be working together." (Doc. 35, p. 2).

The third motion pending for resolution is Ms. Orellana's Motion to Complete the Administrative Record (Doc. 32), which is accompanied by a Brief in Support (Doc. 33). In this Motion, Ms. Orellana maintains that the Summary Plan Description ("SPD") from 2011 (Doc. 3-1)—which she concedes is not the correct SPD applicable to her ERISA claims in this matter—should nonetheless be included in the Administrative Record. She argues that when she requested Plan documents from Superior, she was given this wrong version of the SPD, and that she relied on this version when submitting her claim for health care benefits to CIGNA. CIGNA responds (Doc. 37) that the Administrative Record contains only those documents that CIGNA actually relied upon in evaluating Ms. Orellana's claim. CIGNA maintains that since it did not rely on the 2011 version of the SPD, this document should not be added to the Administrative Record.

For the reasons explained herein, the Motion for Summary Judgment (Doc. 19) is **GRANTED**, the Motion to Dismiss (Doc. 30) is **GRANTED**; and the Motion to Complete the Administrative Record (Doc. 32) is **DENIED**.

## I.  BACKGROUND

Ms. Orellana filed her Complaint in state court on November 24, 2015, and the case was removed to this Court by CIGNA and Superior on January 7, 2016.  Ms. Orellana makes a claim for damages pursuant to ERISA for the recovery of health care benefits.[1] Her total claim of $8,513.63 is broken down into three sets of bills owed to the following entities or individuals:  (1) Benton Emergency Group/Francis M. Henderson, M.D. ("BEG"), for a bill totaling $991.00, (2) Northwest Medical Center ("NMC"), for a bill totaling $2,146.63, and (3) Unruh Chiropractic and Wellness Center ("UCWC"), for a bill totaling $5,376.00.

The relevant Plan documents describe CIGNA as "[t]he office designated to consider the appeal of denied claims . . . ." (Doc. 27, p. 56). The Plan lists Superior as "the sponsor of the Plan" and as "Plan Administrator."  *Id.*  However, according to the Plan, Superior, as Plan Administrator, "delegates to Cigna the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan." *Id.*  This discretionary authority includes "the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments," as well as the authority to "perform a full and fair review, as required

---

[1]  Originally, the Complaint also made certain state-law claims, but those were dismissed as preempted by ERISA.  *See* Doc. 26, p. 2.

by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative." *Id.*

## II. LEGAL STANDARDS AND DISCUSSION

### A. Motion for Summary Judgment

Beginning with CIGNA's Motion for Summary Judgment (Doc. 19), the law provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997). The moving party bears the burden of proving the absence of any material factual disputes. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). If the moving party meets this burden, then the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). These facts must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

As previously discussed, Ms. Orellana's Complaint for health care benefits under ERISA includes claims for bills from three medical providers. As to the first provider, BEG, Ms. Orellana admits there is no genuine, material dispute of fact that this bill "was correctly

processed by the Defendant." (Doc. 21, p. 1).  Summary judgment on this claim will be granted to CIGNA, and the claim is dismissed with prejudice.

As to the bill for NMC, Ms. Orellana agrees that CIGNA also resolved this claim in her favor, *see id.* at p. 2, but complains that NMC "obviously disagrees with this conclusion and continues to bill Ms. Orellana," *id.*  The Court finds that there is no genuine, material dispute of fact as to whether *CIGNA* properly processed this claim.  Instead, Ms. Orellana's grievance appears to be with *NMC*'s billing department.  The undisputed evidence is that CIGNA informed Ms. Orellana in writing that she owed nothing on the bill to NMC.  *See* Doc. 27, pp. 110, 112.  It follows that summary judgment should be granted to CIGNA as to this claim, and it is also dismissed with prejudice.

Turning finally to the UCWC bill, Ms. Orellana confirms that she submitted this claim to CIGNA in accordance with the procedure described in the 2011 SPD, which was allegedly provided to her by Superior.  Superior apparently made a mistake in giving her the wrong Plan documents, as the 2013 SPD—and not the 2011 SPD—applied to her claims.  Regardless of this error, Ms. Orellana complains that CIGNA never communicated with her about how it was processing the UCWC claim—nor did it inform her that it was ignoring the claim altogether because it did not consider it to have been properly submitted on the correct form.  Ms. Orellana hired an attorney, who followed up with CIGNA in writing multiple times but never received a response about the status of this claim.  *See* Doc. 1-1, pp. 93-100.  It comes as no surprise that counsel eventually filed this lawsuit on Ms. Orellana's behalf on the theory that CIGNA's silence amounted to a constructive denial.

CIGNA is unapologetic about how it handled the UCWC claim. It admits to ignoring the claim entirely. Then it attempts to shift the blame to Ms. Orellana for allegedly "failing to exhaust administrative remedies." *See* Doc. 28, pp. 4-5. It was impossible, however, for Ms. Orellana to seek further administrative review of her claim through CIGNA because the claim was ignored in the first place, and there was no final decision she could appeal. The exhaustion argument fails.

CIGNA's behavior in refusing to respond to Ms. Orellana or her attorney on the UCWC claim has been unreasonable, and its foot-dragging has directly resulted in unnecessary time wasted and expense incurred—on all sides, and particularly on Ms. Orellana's. Both the 2011 and 2013 versions of the SPD direct anyone who desires to make a claim to contact the Plan Administrator—Superior—in order to obtain copies of Plan documents and to obtain assistance with questions about the Plan or about filing claims. *See* Doc. 1-1 (2011 Plan), pp. 82-83; Doc. 27 (2013 Plan), p. 57. It appears Ms. Orellana appropriately requested Plan documents from Superior, and Superior gave her the wrong documents. For some reason, though, when CIGNA actually received her claim, it felt it appropriate to do nothing, even after receiving letters from Ms. Orellana's attorney asking why the claim had not yet been decided.

As there is no dispute of fact as to the events concerning the UCWC bill, it is clear that this claim must be remanded so that CIGNA may consider it. If, during this review process, CIGNA determines that more documentation, forms, or other evidence is needed to supplement the existing claim, CIGNA must contact Ms. Orellana's attorney in writing and explain what information is still needed **no later than seven days following the entry**

**of this Order**. CIGNA must complete its review of Ms. Orellana's UCWC claim in an expedited manner and provide her attorney with a written decision **no later than 21 days after the entry of this Order**. If Ms. Orellana disagrees with CIGNA's decision, she may then appeal it as per the procedures outlined in her Plan.

### B.  Motion to Dismiss by Superior

Under Rule 12(b)(6), a party may move the Court to dismiss a claim if, on the pleadings, the plaintiff has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Here, Superior has moved the Court to dismiss it from the case because it is not a proper party to be sued under ERISA. Superior is listed in Plan documents as employer, Plan Sponsor, and Plan Administrator, but it has delegated to CIGNA its discretionary authority to interpret and apply Plan terms, make factual determinations in connection with its review of claims under the Plan, make determinations about the eligibility of persons desiring to enroll in or claim benefits under the Plan, decide whether a person is entitled to benefits under the Plan, compute any and all benefit payments, and perform a full and fair review of appealed claims. *See* Doc. 27, p. 56.

The Eighth Circuit has held that an employer is not a proper party defendant in an ERISA case unless it has been shown to control the administration of the plan. *See Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998). From the plain language of the 2013 SPD, Superior has ceded its authority over the administration of claims to CIGNA. The Complaint provides no detail as to the different roles Superior and CIGNA have in

administering claims, and instead alleges that both Defendants collectively "did not respond" to letters sent by counsel, "had a duty to pay the bills on behalf of Plaintiff," and "failed to provide any explanation of benefits." (Doc. 3, p. 3).

In response to Superior's arguments and the Plan language, Ms. Orellana offers nothing more than speculation. She states that she suspects Superior may be the *de facto* administrator of the Plan or may be working more closely with CIGNA in deciding claims than Plan documents might indicate; but such assertions, without more, are insufficient to survive dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a valid complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). For these reasons, Superior will be dismissed without prejudice from the lawsuit, and the Motion to Dismiss (Doc. 30) is **GRANTED**.

### C. Motion to Complete the Administrative Record

Ms. Orellana admits that the 2011 SPD never applied to her claims, yet maintains that it should be included in the Administrative Record. This request is puzzling. The 2011 SPD was not relied upon by CIGNA in reviewing any of her earlier claims, and it will not be relied upon when evaluating her UCWC claim once it has been remanded. In the Court's experience, the administrative record contains all documents that were relied upon by the claims administrator in reviewing an ERISA claim. Since CIGNA never relied on the 2011 SPD when evaluating Ms. Orellana's claims, it should not be included in the Administrative Record. Ms. Orellana's Motion to Complete the Administrative Record (Doc. 32) is therefore **DENIED**.

## III.  CONCLUSION

**IT IS ORDERED** that Defendant CIGNA's Motion for Summary Judgment (Doc. 19) is **GRANTED** as follows:

- The claim related to a bill for $991.00 by Benton Emergency Group/Francis M. Henderson, M.D. has been resolved and is **DISMISSED WITH PREJUDICE**;

- The claim related to a bill for $2,146.63 by Northwest Medical Center has been resolved and is **DISMISSED WITH PREJUDICE**;

- The claim related to a bill for $5,376.00 Unruh Chiropractic and Wellness Center is **REMANDED** to CIGNA for further consideration.  If CIGNA determines that other documents or forms are needed to supplement this claim, CIGNA is ordered to provide written notice to Ms. Orellana's attorney, explaining exactly what information is needed, no later than **seven days following the issuance of this Order**.  It is further ordered that this claim be processed by CIGNA in an expedited manner, with a written decision issued **no later than 21 days after the entry of this Order**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 30) filed by Defendant Superior Industries, Inc. is **GRANTED**, and this Defendant is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Orellana's Motion to Complete the Administrative Record (Doc. 32) is **DENIED**.

IT IS SO ORDERED on this 22nd day of July, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE